ALBERT J. MILLER AND ROSEMARY MILLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Miller v. Commissioner
Docket No. 3062-84.
United States Tax Court
T.C. Memo 1988-253; 1988 Tax Ct. Memo LEXIS 280; 55 T.C.M. (CCH) 1050; T.C.M. (RIA) 88253; June 7, 1988. Albert J. Miller, pro se. George Nassif, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, *281 Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d) (redesignated sec. 7443A(b) by sec. 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rules 180 and 181. [1]
By statutory notice respondent determined deficiencies in petitioners' Federal income tax and additions to tax as follows: Section
Section
Year
Tax
6653(a)(1)
6653(a)(2)
1980
$ 7,583
$ 379.15
--
1981
4,386
219.30
50 percent of
interest due
on $ 4,386
Respondent's determination was based upon his disallowance of claimed deductions for contributions to the Universal Life Church in the amounts of $ 29,630 in 1980 and $ 21,219 in 1981. The parties arrived at a stipulation of facts which is incorporated herein by reference. Petitioners resided at Dana Point, California, when they filed their petition herein. Petitioners formed Charter No. 50297 of the Universal Life Church on *282 December 29, 1980. On the same date petitioner Albert J. Miller was awarded "Credentials of Minister" by the Universal Life Church, Modesto (hereafter ULC). Petitioners maintained bank accounts with the Bank of America, account 319979-00-70, and with Home Federal, account 0221-0075863, in the name of their Universal Life Church charter (hereafter "charter") during the taxable years. All the contributions which respondent disallowed were made into these accounts, over which petitioners stipulated they had dominion and control. Petitioners were the sole signatories on these accounts. During 1980 petitioners deposited $ 40,000 into the savings account at Home Federal Savings and Loan. In 1981 they switched the deposit into a higher interest bearing account at the Bank of America. The only amounts withdrawn were approximately $ 300 paid to the Universal Life Church of Harmony. The interest on the accounts remained on deposit. Petitioner Albert Miller testified that it was his belief that ULC could have access to the deposited funds if they so wished, "because you're just a charter under their -- under their control." We find petitioner's testimony to be incredible and untruthful. *283 [2] He did not present any information whatsoever about the activities of his charter other than the deposits into savings accounts. Petitioners bear the burden of proving respondent's determination was incorrect. ; Rule 142(a). Petitioners must prove that they made a charitable contribution within the meaning of section 170(a) of the code. Subsection (c) defines "charitable contribution" to mean a "contribution or gift to or for the use of" certain entities organized and operated exclusively for, inter alia, religious or charitable purposes. Petitioners have fallen woefully short of proving (1) that they made a gift of any sort, to the ULC or any other organization and (2) that *284 their charter and/or the ULC were organizations which met the standard of section 170(c). The sums which these petitioners deposited into savings accounts were subject to their sole dominion and control. only they decided to change accounts, to accumulate interest, and to continue saving the sums in question. Whether petitioners made a donation is a question of fact. . One of the elements of a contribution is the presence of a donative intent. . This record is completely devoid of any evidence of a donative intent. We hold that they did not donate the sums in question. See also , affd. by unpublished opinion . Further, petitioners have presented no evidence whatsoever to this Court which would indicate that, assuming arguendo they met the requisite donative intent, the recipient was a qualified organization within the meaning of section 170(c) of the Code. We have held that a charter of the ULC does not share in any tax exemption that organization *285 might have held during the years in question. Petitioners placed no evidence into the record in regard to the additions to tax for negligence. Here, too, respondent's determinations are presumptively correct. ; ; . Petitioners have failed to overcome the presumption, and respondent is sustained on this issue. Respondent, by answer, has requested an award of damages pursuant to section 6673 of the Code. We believe these petitioners knew that their position was frivolous and groundless. Accordingly, in our discretion we award damages of $ 750 to the United States under the provisions of section 6673. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. This Court is not bound to accept testimony at face value, even if uncontroverted, if it is improbable, unreasonable, or questionable. (5th cir. 1955), affg. a Memorandum Opinion of this Court; , affg. a Memorandum Opinion of this Court; . ↩